SCHOOL BOARD — LEGAL SERVICES While a board of education is not generally authorized to purchase from school district funds a contract providing for legal services arising out of actions against school personnel in their individual capacities, a board of education may include in a liability insurance policy purchased pursuant to 70 O.S. 5-136 [70-5-136] (1975), a provision for payment of legal fees arising out of a vehicle related felony case., 1975 The Attorney General has considered your request for an opinion on the following question: "May a board of education legally purchase from school district funds a contract providing for legal services which may be incurred as a result of criminal charges related to the operation of school district owned vehicles?" Title 70 O.S. 5-117 [70-5-117] (1975), expressly authorizes a board of education to employ an attorney. An Opinion of the Attorney General dated December 14, 1955 construed such authority as follows: "Under this statute an attorney may be employed to represent the school district in a court action in a matter in which it is officially interested. In such an instance the attorney's fee would properly be paid from school district funds. We know of no statute authorizing a board of education to employ an attorney and compensate him from school district funds to represent the board members in court actions for or against them in their individual capacity." The Opinion relies upon the following rule stated in 78 C.J.S., Schools and School Districts, 146: ". . . A school district has power to employ counsel where the controversy involves the power of a school district or an officer and the validity of the exercise of such power, but it has no power to employ counsel for a purpose outside its proper function, and the officers of such district or local school organization may not employ counsel at public expense to prosecute or defend actions by or against such officers in their individual capacities, unless authority is specifically granted by statute." A criminal action arising out of the operation of school district-owned vehicles would be in the nature of an individual action rather than an action in which the school district is officially interested. Under the above authorities, school district funds could not properly be used to pay legal fees incurred as a result of such an action; nor could school district funds be used to purchase a contract to, in effect, pre-pay such fees. Notwithstanding the above general rules, however, the 1973 Legislature enacted Section 70 O.S. 5-136 [70-5-136] of Title 70 which provides: "Boards of education of school districts are hereby authorized to provide, at school district expense, not to exceed Three Hundred Thousand Dollars ($300,000.00), liability insurance to indemnify the members of the board of education, superintendents, principals, teachers and other employees, from civil liability, but in no event shall such insurance provide any protection for any of the aforesaid from prosecution on a criminal charge except vehicle related felonies." (Emphasis added.) The underlined language in the above-quoted statute was added by S.B. 47 of the 1975 Legislature. Pursuant to Section 70 O.S. 5-136 [70-5-136] (1971), a board of education may insure against the expense of legal fees arising out of actions within the scope of a liability insurance policy obtained pursuant to 70 O.S. 5-136 [70-5-136] (1975), which now includes a vehicle related felony case. It is, therefore, the opinion of the Attorney General that your question be answered as follows: While a board of education is not generally authorized to purchase from school district funds a contract providing for legal services arising out of actions against school personnel in their individual capacities, a board of education may include in a liability insurance policy purchased pursuant to 70 O.S. 5-136 [70-5-136] (1975), a provision for payment of legal fees arising out of a vehicle related felony case. (Joe C. Lockhart) (Representation, counsel, attorney, felony)